UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**DELANDO R. BRASS**

**VERSUS**

**LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL**

**CIVIL ACTION**

**NO. 09-674-RET-CN**

# N O T I C E

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written recommendations within ten (10) days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, April 19, 2010.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

DELANDO R. BRASS

VERSUS

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, ET AL

CIVIL ACTION

NO. 09-674-RET-CN

## REPORT AND RECOMMENDATION

This action was removed to this Court on August 21, 2009. At the time of removal plaintiff Delando R. Brass was represented by counsel.

On September 2, 2009, the Court entered its usual 90-day conference order, setting a scheduling conference for December 17, 2009. On December 7, 2009, defendants' counsel submitted the "joint status report" without the input of plaintiff's counsel as they could not get in touch with him after numerous attempts. (Dkt. #13). Therefore, on December 9, 2009, the Court filed a notice informing plaintiff's counsel that the action could be dismissed for failure to prosecute where no action has been taken for six months. Plaintiff's counsel, at the time, had failed to get admitted to practice in this Court after being informed of same by the Clerk's Office on August 21, 2009. The Court also reset the December 17, 2009 scheduling conference to March 25, 2010. (Dkt. #15.) Finally, on December 22, 2009, plaintiff's counsel filed a notice informing the Court that he had been admitted to practice before this court. (Dkt. #16.)

On November 5, 2009, prior to filing the status report, defense counsel for Liberty Mutual Fire Insurance Company filed a motion to Compel. Since plaintiff's counsel was not admitted at the time, he did not get notice of the motion, so on January 4, 2010, the Court ordered plaintiff's counsel to respond to defendant's motion to compel within 10 days of the date of the Order. (Dkt. # 17.) On January 6, 2010, plaintiff's counsel filed a motion to withdraw as counsel for plaintiff. The Court granted the motion and on January 7, 2010, ordered Mr. Brass to either appear in person at the March 25, 2010 scheduling conference or inform any new counsel of the conference so they could attend on his behalf. The Court further ordered that a copy of the Order be forwarded to Mr. Brass at his last known address of 18564 Magnolia Bridge Road, Suite 106, Greenwell Springs, LA 70739. A review of the docket sheet indicates that the above order was mailed to Mr. Brass at the address listed. (Dkt. # 20.)

Mr. Brass failed to appear for the March 25, 2010, scheduling conference. Therefore, the Court issued an Order setting a show cause hearing for April 16, 2010, for Mr. Brass to show why this suit should not be dismissed or other appropriate sanctions imposed for his failure to appear for the scheduling conference. Mr. Brass, failed to appear when the case was called.[1]

---

[1] The record docket sheet shows that Mr. Brass received notice of all of these hearings through regular mail to the address provided to the Court, and that no returns were ever received by the Clerk.

In accordance with Rule 16(f)(1)(A) and (C) of the Federal Rules of Civil Procedure,[2] a civil action may be dismissed by the Court for failure to comply with the Orders of the Court.  In the present case, pro se plaintiff failed to comply with three (3) orders of this Court, i.e., the Order of January 4, 2010, regarding the motion to compel, the Order of January 7, 2010, and the Order of March 25, 2010.  Under Rule 37(b)(2)(v),[3] the Court may dismiss an action for not obeying orders of the Court.

Further, in accordance with Uniform Local Rules, Rule 41.3M, a civil action may be dismissed by the Court for lack of prosecution, inter alia, where a cause has been pending six (6) months without proceedings being taken within such period.  This provision shall not apply, however, if the cause is awaiting action by the Court.  In the present case, no matters are pending before the Court, except for the Motion to Compel filed November 5, 2009, to which plaintiff has failed to respond after being ordered to respond by the Court, and plaintiff has failed to take any action in this matter since it was removed, well over 6 months ago.

The failure of the plaintiff to prosecute this case has effectively derailed the progress of this action, and as a practical matter, the case cannot proceed if the plaintiff does not proceed.  Barring the plaintiff from calling any witnesses or pursuing any defenses at a trial would be ineffective because in the absence of a plaintiff, there can be no such trial or

---

[2] Rule 16(f) Sanctions. *In General.* On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
    (1)    (A) fails to appear at a scheduling or other pretrial conference;
* * *
    (C) fails to obey a scheduling or other pretrial order.

[3] *See* footnote 2, *supra*; Rule 37(b)(2)...."(v) dismissing the action or proceeding in whole or in part;..."

hearing. Therefore, the imposition of sanctions short of dismissal, without prejudice, would be ineffective under the circumstances of this case. <u>John v. State of Louisiana, et al.</u>, 828 F.2d 1129 (5th Cir. 1987).

## **RECOMMENDATION**

It is recommended that this matter be dismissed for failure to obey the Orders of the Court, in accordance with Rule 16(f)(1)(A) and (C) of the Federal Rules of Civil Procedure and for failure to prosecute in accordance with Rule 41, Fed. Rules of Civil Procedure and Uniform Local Rules, Rule 41.3M.

Signed in chambers in Baton Rouge, Louisiana, April 19, 2010.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**